DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

AJAY KRISHNAMURTHY (CABN 305533)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7050
    FAX: (415) 436-7234
    Ajay.krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 19-CR-330-CRB |
|---|---|---|
| Plaintiff, | ) | Sentencing Memorandum |
| v. | ) | |
| CLIFFORD GRADER, | ) | Date: February 12, 2020<br>10:00 a.m. |
| Defendant. | ) | |

    Clifford Grader pled guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to one count of possessing child pornography. ECF No. 10. This is his first criminal conviction. As the Presentence Report sets out, the evidence in this case shows Grader actively traded child pornography over a period of months—and even encouraged another person to sexually abuse his own child for the purpose of creating child pornography. PSR ¶¶ 19–26. The plea agreement, if the Court accepts it, provides for a 48-month custodial sentence, followed by 10 years of supervised release. This is "sufficient, but not greater than necessary," to meet the purposes of sentencing set out in 18 U.S.C. § 3553(a). Thus, the United States respectfully requests that the Court accept the plea agreement and sentence Grader accordingly.

## I. Background

This case started with a CyberTip provided by Dropbox: Dropbox told law enforcement that one of its users (a user with the screen name "Cliff Grader") possessed child pornography. PSR ¶ 6. Law enforcement traced the account back to Grader, and executed a search warrant at his house. PSR ¶ 14. At that time, Grader was in possession of an Apple iPhone that contained over 600 images of child pornography. PSR ¶ 17; ECF No. 10 at 2. The iPhone also showed Grader had actively traded child pornography over a period of months. PSR ¶¶ 19–26.

Grader was charged with, and subsequently pled guilty to, one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

## II. Sentencing Guidelines

Probation disagrees with the Sentencing Guidelines determination set out in the Plea Agreement. Specifically, Probation has applied a four-level upward enhancement for possessing material that portrayed the sexual abuse of a toddler. *See* USSG § 2.2(b)(4). The parties calculated Grader's total offense level as 29, and his advisory Guidelines range as 87 – 108 months. ECF No. 10 at 5. With the additional four-level enhancement, Probation calculated Grader's total offense level as 33, and his advisory Guidelines range as 135 – 168 months. PSR ¶ 50.

The United States respectfully requests that Grader be given the benefit of the bargain that he struck in the Plea Agreement. And for the reasons described below, even if the Court adopts Probation's Guidelines determination, the United States still believes that 48 months is an appropriate disposition of this case.

## III. Recommendation

A 48-month sentence is appropriate in light of the factors set out in 18 U.S.C. § 3553(a). A significant custodial term is necessary in order to account for the seriousness of the offense, provide adequate specific and general deterrence, and to protect the public. "[P]ossessing child pornography is not a victimless crime," *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008), because "[p]hotographs and films showing juveniles engaged in sexual activity is intrinsically related to the sexual abuse of children," *United States v. Blinkinsop*, 606 F.3d 1110, 1117–18 (9th Cir. 2010). As a result, courts have emphasized the importance of deterring the possession and distribution of child

pornography in order to prevent the sexual exploitation of children. *Osbourne v. Ohio*, 495 U.S. 102, 109-10 (1990). The facts of this case are aggravated. In addition to possessing child pornography, Grader has also admitted distributing and receiving child pornography over a period of months. ECF No. 10 at 3. In one conversation, Grader even encouraged another person to sexually abuse his one-year-old and "send videos of it." PSR ¶ 20.

On the other side of the ledger, this is Grader's first criminal conviction, and he has dedicated decades of his life to public service in the Coast Guard. PSR ¶ 78. He also quickly accepted responsibility in this case. For these reasons, the United States believes a downward variance to 48 months is appropriate.

### IV.  Conclusion

The United States respectfully requests that the Court accept the plea agreement and impose a 48-month custodial sentence, to be followed by 10 years of supervised release.

DATED:  February 3, 2020                           Respectfully submitted,

                                                   DAVID L. ANDERSON
                                                   United States Attorney


                                                         /s/
                                                   AJAY KRISHNAMURTHY
                                                   Assistant United States Attorney